DA 11-0448

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 58N

ROBERT SCHWANDT,

      Petitioner and Appellant,

  v.

STATE OF MONTANA, on behalf of
the Department of Justice, Motor
Vehicle Division, Driver Improvement
Bureau,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DV 11-60
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Deborah Pranikoff, Attorney at Law; Red Lodge, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Tammy A. Hinderman,
Assistant Attorney General; Helena, Montana

          Alex Nixon, Carbon County Attorney; Rennie Wittman, Deputy
County Attorney; Red Lodge, Montana

                Submitted on Briefs:  February 15, 2012

                            Decided:  March 13, 2012

Filed:

                                  Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Robert Schwandt appeals from the order of the Twenty-Second Judicial District Court, Carbon County, denying his Petition to Vacate License Suspension. Schwandt's license was suspended when he refused to provide a breath sample following a stop of his vehicle by law enforcement.

¶3    The parties do not dispute the following facts. While driving on a street marked with double yellow lines and designated as a no-passing zone in Red Lodge, Schwandt passed a car proceeding in front of him in traffic. A deputy in a marked sheriff's department patrol car was driving directly behind Schwandt when he made the illegal pass. The deputy initiated a traffic stop. As the deputy approached Schwandt's vehicle, Schwandt rolled down his window and yelled to the deputy, "I ain't blowing." The deputy conversed with Schwandt while collecting Schwandt's registration and insurance information, during which time Schwandt admitted that he had been drinking Jim Beam on the rocks about three hours prior to the stop, while shooting guns with a friend. The deputy noted Schwandt's glassy eyes and slurred speech. Schwandt was eventually arrested for DUI. He refused to provide a breath sample, and his license was suspended pursuant to § 61-8-402(4) (2009), MCA, which provides:

> If an arrested person refuses to submit to one or more tests requested and designated by the officer as provided in subsection (2), the refused test or tests may not be given, but the officer shall, on behalf of the department, immediately seize the person's driver's license. The peace officer shall immediately forward the license to the department, along with a report certified under penalty of law stating which of the conditions set forth in subsection (2)(a) provides the basis for

2

the testing request and confirming that the person refused to submit to one or more tests requested and designated by the peace officer. Upon receipt of the report, the department shall suspend the license for the period provided in subsection (6).

¶4 Schwandt petitioned to vacate his license suspension, arguing the deputy lacked probable cause to arrest him for DUI. After a hearing, the District Court denied the petition from which Schwandt appeals.

¶5 "We review a district court's order denying or granting a petition for reinstatement of a driver's license to determine whether the findings of fact are clearly erroneous, and whether its conclusions of law are correct." *State v. Cybulski*, 2008 MT 128, ¶ 14, 343 Mont. 56, 183 P.3d 39 (citation omitted).

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. Based upon its oral findings of fact, the District Court correctly determined that probable cause existed for Schwandt's DUI arrest.

¶7 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS

3